[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-15986
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00038-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYSANDER ANTHONY WEAVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 10, 2005)**

Before EDMONDSON, Chief Judge, and TJOFLAT and DUBINA, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Lysander Anthony Weaver appeals his conviction for a drug offense. Defendant specifically argues the district court erred in denying his motion to suppress evidence obtained subsequent to a traffic stop. No reversible error has been shown; we affirm.

At approximately eleven o'clock the night of 25 March 2004, Washington County Deputy Sheriff James Culbreath observed Defendant's vehicle and suspected that the vehicle's window tint violated Florida law because the Deputy's headlights reflected on it. He pulled alongside Defendant's car, rolled down his window, and determined he could not see the driver's silhouette nor the dashboard lights through the tinted windows although he was only five feet away. Based on these factors, the deputy stopped the Defendant.

During the stop, the deputy became suspicious because Defendant behaved nervously and gave him two false names. The deputy searched Defendant's car, with consent, and continued to question him. Defendant ultimately gave the deputy a container hiding crack cocaine, at which point Defendant was arrested. The next morning, the deputy measured the light transmittance of Defendant's

2

windows. The light transmittance was 19.5 percent, well below the lowest statutory allowance of 28 percent.

Defendant plead guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). He reserved his right to appeal the district court's denial of his motion to suppress the drug evidence as fruit of an unlawful stop. Because Defendant had three prior felony drug convictions and was subject to the enhanced penalty provisions of 21 U.S.C. § 841, the district court sentenced him to the statutory minimum of life in prison.

"A district court's ruling on a motion to suppress presents mixed questions of law and fact." Unites States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. 2002). We review the district court's finding of fact for clear error but review the application of the law to the facts de novo. Id. at 749.

The Fourth Amendment protects persons from unreasonable search and seizure. United States v. Purcell, 236 F.3d 1274, 127 (11th Cir. 2003); see U.S. Const. amend. IV. If a police officer has probable cause to believe a violation of law has occurred, it is reasonable for him to make a traffic stop. Whren v. United States, 517 U.S. 806, 810 (1996). Probable cause must be supported by more than a mere suspicion, but does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction." United States v. Dunn,

345 F.3d 1285, 1290 (11th Cir. 2003). Whether probable cause exists is "viewed from the standpoint of an objectively reasonable police officer[.]" United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003).

Florida law prohibits driving motor vehicles on which the front or side windows have been treated with "any sunscreening material or other product or covering which has the effect of making the window nontransparent or which would alter the window's color, increase its reflectivity, or reduce its light transmittance" below the statutorily permitted level of "light transmittance of at least 28 percent in the visible light range." Fla. Stat. § 316.2953.

Defendant argues that the statutory language shows that an officer cannot stop a vehicle solely on the basis of the window-tint statute without knowing the vehicle's exact light transmittance percentage. Defendant argues the statute's provision of a threshold that separates permissible from prohibited window tinting means an officer cannot have probable cause to stop a vehicle under the statute without knowing the vehicle's exact percentage of light transmittance. In effect, because no officer can know this percentage through observation, no officer could have probable cause to stop a vehicle solely under this statute. Instead, a violation could only be found incidental to a separate traffic violation.

Defendant's arguments are not supported by the plain language of the statute. The statute in no way indicates that a police officer may not investigate further when he reasonably believes the statute is being violated. Likewise, the statute does not limit such investigations to situations when police have observed a separate traffic violation. [1]

In addition, Defendant confuses the standards for probable cause with those for violation. The statute's prohibition of windows with light transmittance below 28 percent articulates when a vehicle violates Florida law. But probable cause requires less support than that necessary for a conviction. Dunn, 345 F.3d at 1290. Defendant's argument would force police to ascertain conclusively whether a violation had occurred before they would have the probable cause to investigate it.

Furthermore, case law does not support Defendant's position. Indeed, the District Court of Appeal of Florida in State v. Moore seems to have determined that probable cause of a window-tint violation provided a basis for stopping a vehicle. 791 So.2d 1246, 1249 (Fla. Dist. Ct. App. 2001). Defendant argues Moore is distinguishable because the police also had probable cause to stop the vehicle based on information that it was involved in a drug transaction. The court,

---

[1] By contrast, the Florida legislature inserted plain language into the Safety Belt Law that police may only enforce it "as a secondary action when a driver of a motor vehicle has been detained for a [separate] violation[.]" Fla. Stat. §316.614(8).

5

however, stated that the probable window-tint violation "independently" justified the stop.  Id. at 1250.  Moore thus opposes Defendant's argument that the window-tinting statute may not be the sole basis for a traffic stop.[2]

The only remaining issue is whether the deputy, in the circumstances,  had probable cause to stop Defendant under the statute.  We agree with the district court that probable cause existed.  He observed his headlights reflecting off Defendant's car and could not see the dashboard lights or driver's silhouette through the windows at close range.  For an officer to believe such specific observations indicated a likelihood that Defendant's vehicle violated the window-tint statute is reasonable.  See, e.g., Moore, 791 So.2d at 1248 (finding probable cause existed that the window tint statute was violated because officer was unable to "make out the [vehicle's] occupant").

Because the police officer had probable cause to believe that the Defendant was violating the Florida window-tinting statute, we conclude that the district

---

[2]Defendant also relies on United States v. Chanthasouxat, 342 F.3d 1271 (11th Cir . 2003) and Doctor v. State, 596 So.2d 442 (Fla. 1992).  Neither case is applicable, however, because each determined it was unreasonable for an officer to make a traffic stop pursuant to a mistaken belief about the law.  See Chanthasouxat, at 1278-79 (officer mistakenly believed lack of interior rear-view mirror violated statute, although statute did not require mirror to be interior); Doctor, at 446-67 (officer mistakenly believed cracked plastic covering on taillight violated statute that only required the taillight be illuminated).  In the present case, the deputy knew correctly that Florida law prohibited excessively dark window tint.

court denied properly Defendant's motion to suppress the evidence obtained during the stop.

**AFFIRMED.**