[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10322

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK KAMRAN COLLINS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00109-BJD-LLL-1

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Collins was convicted of passing counterfeit Federal Reserve notes, making counterfeit Federal Reserve notes, and possessing counterfeit Federal Reserve notes in violation of 18 U.S.C. sections 471, 472, and 2.  He now appeals the district court's denial of his motions to suppress evidence obtained after an allegedly unlawful traffic stop.  Because the stop was lawful, we affirm.

The essential facts are established by dash-camera footage and officer testimony that Collins doesn't meaningfully dispute.  In the early morning hours of November 21, 2019, Corporal Al-Hussein Hazime of the New Port Richey Police Department was patrolling along U.S. Highway 19.  At around 12:50 A.M. he passed Collins's car while it was stopped at a stop sign on Highway 19's intersection with Green Key Road.  There was no other traffic on Highway 19 besides Corporal Hazime.

Corporal Hazime "would have expected, as [he] drove past [Collins's car]," for Collins to turn onto the highway and "drive behind [him]."  But Corporal Hazime watched Collins's car for about one minute and it remained stopped at the stop sign.  He testified that the car remaining stopped, despite no obstacles to entering the highway, concerned him for two reasons.  First, a car staying stopped at a stop sign can indicate the driver has a medical issue.  Second, it can indicate impaired driving.

Corporal Hazime made a U-turn onto the northbound side of Highway 19 to return to the intersection and investigate his concerns. As he did, Collins finally turned into the right southbound lane of Highway 19. Corporal Hazime made another U-turn to follow Collins. He "ma[d]e the observation" during the U-turn that Collins's car "ha[d] dark tinted windows, which [he] believe[d] . . . [wa]s in violation of Florida state statute." Then, while following Collins, Corporal Hazime changed lanes to the center lane "to confirm [his] initial suspicion of [the] window tint violation." "At this point[, Corporal Hazime] made an observation that [he] could not see the driver [and] could not see any portion through the window." In his experience, "that's a clear indication that [the tint] violates [Florida's] window tint laws." So he initiated a traffic stop.

Collins was arrested for obstruction of justice, refusing to obey lawful commands, and driving under the influence after Corporal Hazime and other responding officers observed belligerent behavior and signs of impaired driving. Collins also received a citation for illegal window tinting after officers tested the car's tint. An inventory search of Collins's car revealed counterfeit bills, receipts indicating those bills were used, and forgery equipment.

Collins filed two motions to suppress the evidence found in his car after being indicted on the counterfeiting charges. He argued that the initial traffic stop was unlawful because it wasn't

supported by reasonable suspicion or probable cause.[1]  The government responded that Corporal Hazime had probable cause to suspect a window tint violation or, alternatively, at least a reasonable suspicion that Collins was driving under the influence.

After an evidentiary hearing, the magistrate judge recommended that the district court conclude the stop was lawful.  Corporal Hazime, the magistrate judge explained, had probable cause to suspect a window tint violation.  The magistrate judge found his testimony credible because it was corroborated by the dash-camera footage.  Collins then objected to the magistrate judge's recommendation, but the district court adopted it.  Collins was found guilty of the counterfeit charges at a bench trial, and he was sentenced to thirty months' imprisonment.

Collins now appeals the denial of his suppression motions. He argues the district court erred by adopting the magistrate judge's conclusion that there was probable cause to suspect a window tint violation.   He also contends Corporal Hazime actually stopped him for being stationary at the stop sign but there wasn't anything criminal about that.

When considering a district court's denial of a motion to suppress, we review for clear error findings of fact.  *United States v. Jiminez*, 224 F.3d 1243, 1247 (11th Cir. 2000).   And we review

---

[1] Collins also challenged the arrest, the length of the traffic stop, and the lawfulness of the inventory search.  But he does not press those arguments on appeal, so we do not address them.

de novo the district court's application of the law to the facts. *Id.* Applying those standards here, we find no error.

"A traffic stop constitutes an unreasonable seizure unless it is supported by reasonable suspicion of criminal activity or probable cause that a [civil] traffic violation has occurred." *United States v. Andres*, 960 F.3d 1310, 1317 (11th Cir. 2020) (citing *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008)); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). "Probable cause is more than mere suspicion but does not require the same 'standard of conclusiveness and probability as the facts necessary to support a conviction.'" *United States v. Clark*, 32 F.4th 1080, 1088 (11th Cir. 2022) (quoting *United States v. Dunn*, 345 F.3d 1285, 1290 (11th Cir. 2003)). An officer's "[s]ubjective intentions play no role" in the analysis. *Whren*, 517 U.S. at 813. Instead, we analyze probable cause "from the standpoint of an objectively reasonable police officer." *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003) (citation omitted).

Here, we agree with the magistrate judge that probable cause existed to suspect Collins's window tint violated Florida law. Florida law prohibits operating motor vehicles with excessively tinted windows. *See* Fla. Stat. § 316.2953 (restricting tint of a car's front side windows); *id.* § 316.2954 (restricting tint of a car's rear side windows); *id.* § 316.2956 (providing that violations of sections 316.2953 and 316.2954 are noncriminal traffic infractions).

An objectively reasonable officer could believe Collins violated that prohibition. Corporal Hazime testified that he saw Collins's "dark tinted windows" when passing Collins on the northbound side of Highway 19. Then he changed lanes on the southbound side to purposefully look into Collins's windows, and he "could not see any portion [of Collins] through the window[s]." His inability to see any part of Collins was, in his experience and as corroborated by the dash-camera footage, a "clear indication" that the tint violated Florida law. These circumstances established probable cause. *See United States v. Pena-Ponce*, 588 F.3d 579, 581, 583 (8th Cir. 2009) (concluding probable cause existed for a traffic stop because the officer, "based on his experience and training, believed the window tint violated [state] law," and that belief was corroborated by a video recording of the stop); *United States v. Harrell*, 268 F.3d 141, 148–49 (2d Cir. 2001) (same, where the officer testified he "observed that the car's windows were tinted as he drove by it" and that observation wasn't a "casual glance" because the officer "purposefully looked into the car as [he] passed it").

Collins resists that conclusion with three arguments. First, Collins contends Corporal Hazime's testimony was not credible because he initially saw the window tint while "driving in a different direction in the dark." But the magistrate judge found the testimony was credible. We must defer to that finding, adopted by the district court, because Corporal Hazime's version of events wasn't "unbelievable" or "contrary to the laws of nature." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citations omitted). Although Collins emphasizes Corporal Hazime's version

23-10322               Opinion of the Court                    7

was unbelievable because he initially passed Collins "in a different direction in the dark," the dash-camera footage shows he also followed Collins in the same direction on a well-lit highway.

Second, Collins argues that Corporal Hazime did not testify about any "technique [or] standard for checking window tint at night to make sure [his belief wa]s objectively reasonable." But he cites no authority explaining why Corporal Hazime's reliance on his experience was insufficient. Indeed, the only circuit-level authority Collins cites for this argument—*United States v. Weaver*—found probable cause to suspect a Florida window tint violation under similar circumstances to this case. *See* 145 F. App'x 639, 640–42 (11th Cir. 2005) (where the officer saw the defendant's tinted windows around 11 P.M. and "pulled alongside [the] car" but "could not see the driver's silhouette [or] the dashboard lights through the tinted windows").

Third, Collins argues there are exceptions to Florida's prohibition on excessive window tinting and Corporal Hazime didn't rule out that Collins benefited from an exception before initiating the stop. But the Supreme Court and this court have repeatedly explained that the probable cause standard doesn't require officers "to rule out . . . innocent explanations" for a defendant's conduct. *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018); *see, e.g.*, *Clark*, 32 F.4th at 1088.

Because the traffic stop was supported by probable cause to suspect a window tint violation, we do not reach the government's alternative ground for affirmance—that the stop was lawful

because there was reasonable suspicion that Collins was driving under the influence.

The district court's judgment is **AFFIRMED.**